UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PRIORITY RECORDS L.L.C., ET AL.    CIVIL ACTION NO. 05-0526

versus                              JUDGE WALTER

DERRICK ALLUMS                      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the court is a **Motion to Deem Admitted Requests for Admissions (Doc. 10)**. Plaintiffs served request for admissions on Defendant on June 12, 2005 and July 21, 2005. Federal Rule of Civil Procedure 36 provides that a "matter *is admitted* unless, within 30 days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." (emphasis added). Rule 36(b) states that any matter admitted under the rule is "conclusively established unless the court on motion permits withdrawal or amendment of the admission." Movers represent that the time permitted by the rule has passed, and Defendant has not served any response to the request for admissions.

The matters on which requests for admissions were served were, therefore, deemed admitted and conclusively established by operation of law when Defendant failed to timely deny the matters or object to the requests. It was not necessary for Plaintiffs to file the motion now before the court. The admissions have been made, and no order from this court

can make them any more admitted.

The motion was noticed for briefing to permit Defendant the opportunity to respond to the motion, but he has not filed any timely opposition or requested that his admissions be withdrawn or amended. Although the motion is not necessary and asks for relief that has already been granted by law, the court will on this occasion nonetheless enter the order requested by the movants. The motion is **granted** as follows: Plaintiff's First and Second Requests for Admissions are deemed admitted due to Defendant's failure to respond to those requests within 30 days after service of same.

In the event similar issues should arise in the future in this or one of the many similar copyright cases now pending in this division, the parties are directed to the standards for withdrawal of admissions and the use of admissions to earn a summary judgment, which are set forth in In re: Carney, 258 F.3d 415 (5th Cir. 2001) and AAA, Inc. v. AAA Legal Clinic, 930 F.2d 1117 (5th Cir. 1991).

THUS DONE AND SIGNED in Shreveport, Louisiana on this 21st day of September, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE